# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2021

Lyle W. Cayce
Clerk

No. 20-40322
Summary Calendar

Gary Lee Landers,

*Plaintiff—Appellant*,

*versus*

Sherri Adelstein,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CV-79

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Gary Lee Landers, Texas prisoner # 1906095, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint filed against Sherri Adelstein, the Clerk of Court for Denton County. In the complaint, Landers alleged that Adelstein denied him procedural due process

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

and was deliberately indifferent to violating his constitutional rights by failing to timely forward to the Texas Court of Criminal Appeals (TCCA) his objections to the trial court's findings on his state habeas application. On appeal, Landers argues that the district court erred in finding that he failed to identify a protected liberty interest; that the court erred in finding that Adelstein was not personally involved; that the court erred in finding he failed to state a claim of deliberate indifference; that the court denied due process during the resolution of the complaint; and that the court erred in determining Adelstein was entitled to absolute and qualified immunity.

We review de novo a district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "The grant of a motion to dismiss based on qualified immunity similarly is reviewed de novo." *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). "To state a claim under § 1983, plaintiffs must allege two elements: first, that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred under color of state law." *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).

Landers's challenge to the district court's finding of absolute immunity is to no avail because he acknowledges the immunity finding was applied only to the extent he raised a claim Adelstein was acting under court order or at the discretion of a judge and that he raised no such claim. Landers failed to state a claim of the denial of a constitutional right because he did not show the denial of the opportunity to be heard in a meaningful manner. *See Price v. City of Junction, Tex.*, 711 F.2d 582, 589 (5th Cir. 1983) (discussing nature of procedural due process claim). The affidavit submitted by Landers's son averred that a clerk confirmed the TCCA had reviewed the objections and had concluded that they did not alter the outcome of the

No. 20-40322

proceedings. Accordingly, there is no indication that his objections were not considered by the TCCA.

His assertions that Adelstein was not entitled to qualified immunity fail as he cannot establish the denial of a constitutional right. *See Whitley*, 726 F.3d at 638 (stating that a plaintiff must show official violated constitutional right to overcome qualified immunity). Likewise, because there is no violation of a constitutional right, Landers cannot show that Adelstein was deliberately indifferent to a violation of his constitutional rights. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (establishing showing for supervisory liability). As the failure to show a violation of a constitutional right is dispositive, *see Doe*, 66 F.3d at 1406, it is unnecessary to address his argument regarding Adelstein's personal involvement.

Finally, the claim that the district court denied due process during the instant proceedings by failing to adequately review the affidavit from Charles is not supported by the record. The judgment of the district court is AFFIRMED.